JUDGE PETERS
delivered the opinion or the court.
Appellant, a man of color, having been indicted in the Fleming Circuit Court for the rape of a white woman in September, 1869, was at the succeeding February term of said court tried, and condemned to be hung for the crime, and an appeal having been allowed him, he now seeks a reversal of that judgment.
"When the evidence was closed on the trial, the circuit judge instructed the jury to the effect that if they believed from the evidence that the defendant, Charles Blair, a man of color, in .the County of Fleming, and before the finding of the indictment, did forcibly ravish, and carnally know Elizabeth Delaney, a white woman, against her will and consent, they must find him guilty of rape as charged in the indictment, and unless they do so believe they must find him not- guilty; but failed to tell them, if they found him guilty, that it was their further duty to find whether his punishment should be confinement in the penitentiary for a period of not less than ten nor more than twenty years or by death, in their discretion. And the correctness- of that instruction is the vital question involved in this appeal.
Since 1865 the law on the subject of rape committed by colored persons has been several times changed by the legislature. By section 4, article 7, chapter 93, Revised Statutes, the punishment for rape of a white woman by a free negro or slave was death. By an act of the 15th of February, 1866, all persons without distinction of color were subjected to the same pains and penalties for crimes and misdemeanors that have theretofore been prescribed by law for the punishment *229 of white persons for said offenses, except that the laws then in force for the punishment of negroes and mulattoes for the rape of white women were continued in force. (Myers’s Supplement, page 736.)
On the 9th of March, an act entitled “ An act to amend chapter 58, article 4, title ‘ Crimes and Punishments,’ of the Revised Statutes,” was passed. The first section of which declares that whoever shall be guilty and convicted of the crime of rape upon the body of an infant under the age of twelve years shall be punished with death by hanging; the second section declares that an attempt to commit a rape on the body of an infant under twelve years of age shall be punished by confinement in the jail and penitentiary of this Commonwealth a period of not less than five nor more than twenty years; and section 3 is in the following language: “That whoever shall unlawfully and carnally know ‘any woman’ against her will and consent, on by force, or while she is insensible, shall be guilty of rape, and shall be confined in the jail and penitentiary of this commonwealth for not less than two ‘and’ more than twenty years, at the discretion of a jury.” The fourth and last section repeals all laws in conflict with that act, and declares it shall take effect from its passage. (1 Session Acts, 1867, pp. 102, 103.)
On the 2d of March, 1869, the law on the subject was again changed by an act of the legislature, entitled “An act to amend section 4, article 4, chapter 28, title ‘Crimes and Punishments,’ of the Revised Statutes,” which reads as follows: “Sec. 1. Whoever shall unlawfully and carnally know any white woman against her will or consent, or by force, or while she is insensible, shall be guilty of rape, and shall be punished by confinement in the penitentiary for a period not less than ten nor more than twenty years, or by death, in the discretion of a jury.” The second section of this act repeals the third section of the act of March 9th, herein quoted, and *230 the next and last section declares this act in force from its passage. (1 Session Acts 1869, p. 52.)
The act of the 9th of March, 1867, supra, repealed the provision of the Revised Statutes punishing with death rape committed on a white woman by a free negro or slave; and also repealed so much of the act of the 15th of February, 1866, as continued the law then in force for the punishment of negroes and mulattoes for rape on a white woman; and only amended chapter 28, article 4, by adding sections 1 and 2; and in section 3 abolishing all difference in the punishment of the crime, whether it was committed on a white or a black woman, and changing the punishment of the offense to confinement in the jail and penitentiary of the commonwealth for not less than two nor more than twenty years, when by the provision of the Revised Statutes the periods of confinement were not less than ten nor more than twenty years; and that it was an amendment to article 4, chapter 28, of the Revised Statutes, is shown by the title of the act declared in express terms.
This act remained in force until the passage of the act of the 2d of March, 1869, supra, whereby the third section of the act of 1867 was repealed, the words “white woman” adopted instead of “ any woman,” and the punishment changed to “ not less than ten nor more than twenty years, or by death, in the discretion of a jury.” This, as declared in the title, being also an amendment to chapter 28, article 4, section 4. This was the law for the punishment of rape at the time the offense charged in the indictment is alleged to have been committed by appellant. The pronoun “ whoever,” used in the enactments, was selected to embrace all men, white and black.
The instructions given to the jury were prejudicial to the appellant in not submitting to their determination whether, if they found him guilty, his punishment should be death or confinement in the penitentiary, and if by the latter, for what time between the periods of ten and twenty years.
*231 For this error the judgment must be reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.