JOHN MAXEY *v.* COMMONWEALTH.

**Criminal Law—Homicide—Malice.**

If one kills another without cause the law implies malice; but malice cannot be implied from every deliberate cruel act committed by one person against another, for if the killing is in sudden heat and passion, the crime is manslaughter and not murder. No malice can be implied where the killing, though intended, was done in sudden heat of passion.

APPEAL FROM BARREN CIRCUIT COURT.

December 11, 1874.

OPINION BY JUDGE PRYOR:

Instruction No. 5, given at the instance of the attorney for the commonwealth, was misleading, and especially upon the facts appearing in the case. There was no eye witness to the killing, and the jury could not well determine the condition or attitude of the

parties, the one to the other, at the time. If one kills another without cause, the law implies malice, and in every case of homicide unexplained, malice must be presumed to have existed in the breast of the guilty party; but malice cannot be implied from every deliberate cruel act committed by one person against another, however sudden, for if the killing is in sudden heat and passion, the crime is manslaughter, and not murder. The man intends to kill when he stabs in sudden heat of passion, and no malice is to be implied in such a case; and to embrace the legal proposition contained in instruction No. 5 to a jury, is calculated to impress the mind of the jury that every killing, under any circumstances, unless in self-defense, implies malice.

Instruction No. 1, given at the instance of the defense, is more easily understood by a jury and needs no explanation. The legal mind can understand the legal import of instruction No. 5, but one not skilled in the law might conclude that instruction No. 5 was in conflict with instruction No. 1. The jury should have been told, also, that in their deliberations on the facts, if they believed beyond a reasonable doubt that the accused was guilty, and also doubted as to the degree of the offense, they must find him guilty of the lesser offense. The jurors, or some of them, under the instructions, may have doubted as to whether the offense was murder or manslaughter, and yet they were not told what their verdict should be in such a state of case. The court is required to give the law of the case. *Blair v. Commonwealth*, 7 Bush 227.

For the reasons indicated the judgment of the court below is *reversed,* and the cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.

*Sims, Bowles & McQuown, for appellant.*
*W. H. Botts, for appellee.*